UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMEDE IRIZARRY,

                Petitioner,                    08 Civ. 5884 (KMK)(PED)

- against -                      REPORT AND
                                                                                  RECOMMENDATION

ROBERT ERCOLE,
FIVE POINTS CORRECTIONAL FACILITY,

                Respondent.

------------------------------------------------------------X

TO:    THE HONORABLE KENNETH M. KARAS,
         UNITED STATES DISTRICT JUDGE

I.    INTRODUCTION

On June 30, 2008, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. In response, Respondent filed a motion to dismiss said petition pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (D.E. 6). I respectfully recommend that this motion be **DENIED.**

II.    FACTS

Petitioner utilized a printed § 2254 form. Petitioner completed the form and submitted it to the Pro Se Office, which received same on June 5, 2008. All applicable sections were completed by Petitioner except for sections 13 and 14. The instructions for section 13 indicate, in part, that a petitioner is to "[s]tate every ground on which you claim that you are being held unlawfully. Each ground should be set forth under a separately numbered paragraph." The instructions for section 14, entitled "Timeliness of Petition", state that "[i]f your judgment of conviction was made final over one-year ago,

you must set forth below why the one-year statute of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition." The spaces following these two instructions were left wholly blank by Petitioner.

Petitioner attached four (4) pages to the printed form petition. The first two pages contain an outline of a brief under the heading "TABLE OF CONTENTS". The third page has the heading "STATEMENT" and indicates that it originally came from an "appeal...taken from a judgment of the Supreme Court of the State of New York, Westchester County." The last page bears the heading "QUESTIONS PRESENTED" and sets forth, in question form, the six (6) points listed as grounds for appeal in the Table of Contents.

Respondent, while acknowledging these facts, contends that: (a) petitioner's failure to complete sections 13 and 14 of the printed form petition renders the petition inadequate to set forth a claim upon which relief can be granted; and (b) petitioner's attachment to the petition of the "Table of Contents" and "Questions Presented" pages of his state appellate brief does not cure his failure to complete those sections of the form because the attachments are not formally incorporated into the petition form by reference.

**III.   DISCUSSION**

Respondent argues that the habeas petition in question should be dismissed as Petitioner "leaves empty the space provided for statement of the ground or grounds upon which the petition is based." D.E. 6, p. 3. However, the instructions for section 13 state: "If you are raising the same grounds that you raised on direct appeal, you should attach a copy of your state court appellate brief or its table of contents." D.E. 1, p. 4. It is

2

undisputed that Petitioner attached the "Table of Contents" as well as the "Questions Presented" pages from his state appellate brief to the petition. *Id.*, pp. 7-10.

It is well-established that a "petition for *habeas corpus* ought not to be scrutinized with technical nicety." *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)(italics in original). While Petitioner did leave the lines following the instructions for section 13 blank, his attachment, pursuant to the instructions, of the "Table of Contents" and "Questions Presented" pages of the state appellate brief clearly demonstrates that petitioner seeks to raise the same grounds he raised on direct appeal to the state appellate court. This provides adequate notice of the claims alleged to allow Respondent to draft an appropriate response to the petition.

Further, with regard to a habeas petition, "[e]ven if it is insufficient in substance it may be amended in the interest of justice." *Id.* While Petitioner has sought, by letter brief dated November 25, 2008 (D.E. 7), leave to amend his petition to include in section 13 of the habeas petition form the exact grounds set forth in the previously attached Table of Contents, the proposed amendment does not appear necessary as the required liberal reading of the petition would include the claims set forth therein. *See Williams v. Kullman*, 722 F.2d 1048, 1051 (2d. Cir. 1983)("the liberal pleading rules require careful scrutiny of habeas petitions").

Respondent further argues that "Petitioner...fails to comply with paragraph 14, in that he fails to assert any facts or reasons why his petition is not barred under 28 U.S.C. 2244(d)". While Petitioner did, in fact, leave section 14 of the petition form blank, this does not provide a basis to dismiss the petition under Fed. R. Civ. P. 12(b)(6). The Second Circuit has specifically held that a habeas petitioner need not plead compliance

with the limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Acosta v. Artuz*, 221 F.3d 117, 121-122 (2d. Cir. 2000)("The AEDPA statute of limitation is therefore an affirmative defense and compliance therewith need not be pleaded in the petition.") Thus, Respondent's argument as to section 14 fails.

### IV.   CONCLUSION

For the reasons set forth above, I respectfully recommend that Respondent's Motion to Dismiss be **DENIED**.

### V.   NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.


Dated:   April 14, 2009
         White Plains, N.Y.

Respectfully submitted,

PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE