UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMEDE IRIZARRY

                          Petitioner,

           v.

ROBERT ERCOLE,
FIVE POINTS CORRECTIONAL FACILITY

                          Respondent.

Case No. 08-CV-5884 (KMK) (PED)

ORDER ADOPTING REPORT AND
RECOMMENDATION

KENNETH M. KARAS, District Judge:

On June 30, 2008, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus

under 28 U.S.C. § 2254.  Respondent moved to dismiss the petition pursuant to Federal Rule of

Civil Procedure 12(b)(6).  Magistrate Judge Davison issued a Report and Recommendation

(R&R) on April 14, 2009, advising this Court to deny Respondent's motion.  Despite

Respondent's objections, this Court adopts the R&R and denies the motion.

I.  Background

The Court adopts the factual and procedural background of this case as set forth in the

R&R at 1-2, which it briefly summarizes here.  Petitioner left blank sections 13 and 14 of his §

2254 form, which he filed on June 30, 2008.  The instructions for section 13 direct petitioners to

"STATE EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING HELD

UNLAWFULLY."  The instructions for section 14 counsel that "[i]f your judgment of

conviction was made final over one-year ago, you must set forth below why the one-year statute

of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition."

Petitioner attached four pages to this form petition.  The first two pages contain an outline of a brief under the heading "TABLE OF CONTENTS."  The third page has the heading "STATEMENT" and indicates that it originally came from Petitioner's state court appellate brief.  The last page bears the heading "QUESTION PRESENTED" and restates the six points listed as grounds for appeal in the Table of Contents.

On October 3, 2008, Respondent filed a pre-motion letter, citing Petitioner's failure to complete section 13.  (Letter from John J. Sergi, Counsel for Respondent, to Magistrate Judge George A. Yanthis (Oct 3, 2008)).  On November 25, 2008, Petitioner sent the Court his response to section 13, asking that it be made part of his original petition.  (Letter from Petitioner to Magistrate Judge George A. Yanthis (November 25, 2008).)  Notably, section 13 of Petitioner's new form copied verbatim the six points listed in the pages attached to the original Petition under the heading "TABLE OF CONTENTS."  (*Id.*)  Petitioner also "humbly and respectfully," asked the Court "to guide me in this matter, in the event of a leave to amend my petition or any other proceeding is necessary."  (*Id.*)  Petitioner closed by asking the Court "to please accept my apology for the inconvenient [sic] caused by my oversight."  (*Id.*)

Not satisfied with Petitioner's mea culpa, Respondent moved, on December 2, 2008, to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Petitioner's failure to complete sections 13 and 14 renders the Petition a nullity because it fails to give adequate notice of Petitioner's claims.  In response, Petitioner opposed the motion but noted that "[i]n the event that this declaration does not address th[e] issue[s] [raised in] the District Attorney [sic] Motion to Dismiss, petitioner respectfully request [sic] that this Court allow him

to amend his petition."  (Decl. of Amede Irizarry in Opposition to Resp't's Mot. to Dismiss 2 ("Irizarry Decl.").)

## II.  Discussion

### A.  Standard of Review

A district court reviewing a report and recommendation addressing a dispositive motion "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'"  28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(c)-(f), *see* Fed. R. Civ. P. 6(d).

Where a party submits timely objections to a report and recommendation, as Respondent has here (Dkt. No.13), the district court reviews de novo the parts of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1.  The district court "may adopt those portions of the . . . report [and recommendation] to which 'no specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not

clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F.

Supp. 2d 224, 226 (S.D.N.Y. 2008) (citing Fed.R.Civ.P. 72(b)(2)).[1]

    B. Analysis

        1. Sufficiency of the Petition

    Respondent moves to dismiss on the grounds that Petitioner failed to fill out the § 2254

form correctly.  It is well established that a "petition for habeas corpus ought not to be

scrutinized with technical nicety."  *Holiday v. Johnston*, 313 U.S. 342, 350 (1941); *see also*

*Gibbs v. Burke*, 337 U.S. 773, 779 (1949) (finding it "insignificant" that a habeas "petitioner

cited the Sixth rather than the Fourteenth Amendment" because "[m]eticulous insistence upon

regularity in procedural allegations is foreign to the purpose of habeas corpus").  Pleadings

submitted by pro se litigants are likewise held to a more tolerant standard.  *See Fed. Express*

*Corp. v. Holowecki*, 128 S.Ct. 1147, 1158 (2008) ("Even in the formal litigation context, pro se

litigants are held to a lesser pleading standard than other parties."); *cf. Green v. United States*,

260 F.3d 78, 83 (2d Cir. 2001) (finding "no reason why the general rule," that "pro se litigants . .

. are entitled to liberal construction of their pleadings," "should not apply to pro se motions filed

pursuant to [28 U.S.C. §] 2255").

    Although Petitioner left section 13 blank, he attached four pages that clearly indicate the

grounds he seeks to raise in his habeas petition, viz., the same grounds he pressed in his direct

appeal.  Technical pleading errors by pro se habeas petitioners must be forgiven where, as here,

---

[1] Respondent did not object to Magistrate Judge Davison's recommendation that the
Court deny Respondent's motion as to section 14.  (Objections to Report and Recommendation
("Obj.") 5 n.2.)  Having reviewed this portion of the R&R for clear error, and finding none, the
Court adopts this portion of the R&R.

no prejudice results.  *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding that the district court failed to "grant [Petitioner] the liberal treatment he was due," where it refused to consider habeas claims that were buried in an attached brief rather than explicitly outlined on the provided form); *cf. Arfons v. E.I. Du Pont De Nemours & Co.*, 261 F.2d 434, 435 (2d Cir. 1958) ("It is now well established that dismissals for mere technical defects or ambiguities in pleadings are not favored."); *Ainbinder v. Potter*, 282 F. Supp. 2d 180, 182 n.1 (S.D.N.Y. 2003) ("[D]ismissals for mere technical defects are disfavored when the other party has not been prejudiced.").[2]

Respondent is correct that liberal construction of habeas claims "does not require the court, or the respondent, to speculate as to the issues raised."  (Objections to Report and Recommendation 8 ("Obj.")).  But no speculation was needed to understand the issues petitioner intended to raise.  It is simply not true that Petitioner was "silent as to any basis asserted for habeas relief."  (*Id.* at 7.)  Indeed, there could have been no other purpose to including the attached pages, except to spell out the grounds for habeas relief.  Nor does this Court share Respondent's concern that forgiving Petitioner's error is an "open invitation to Federal habeas petitioners to wait until the eleventh hour and then purport to satisfy the applicable period of limitations by filing a substantively blank petition."  (*Id.* at 12.)  Indeed, Respondent himself admits that, far from being "substantively blank," the Petition would have been complete had Petitioner merely written "see attached brief" in section 13.  (*Id.* at 9.)  This Court will not

---

[2] Notably, Respondent fails to cite a single case in which a court has dismissed a pro se habeas petition for filling out a form incorrectly, or for a similar error.

dismiss a prisoner's last claim for relief simply because he failed to provide an explicit cross-reference.

### 2. Petitioner's request to Amend the Petition

Petitioner has "respectfully request[ed] that this Court allow him to amend his petition," "[i]n the event that []his declaration does not address" the issues raised by Respondent.  (Irizarry Decl. 2.)  The standard governing a motion to amend a habeas petition is Federal Rule of Civil Procedure 15 ("Rule 15"), the application of which is consistent with 28 U.S.C. § 2242, which states that a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242; *see also Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (per curiam) ("The standard for granting or denying a motion to amend [a habeas petition] is . . . governed by Federal Rule of Civil Procedure 15(a)."); *Vasquez v. Ercole*, No. 06-CV-4366, 2009 WL 2432364, at *5 (S.D.N.Y. August 9, 2009) (same).  Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Such leave should be denied only in limited circumstances-*e.g.*, where amendment is sought in bad faith, where such would unduly prejudice the opposing party or parties or where such would be futile."  *Letizia v. Walker*, No. 97-CV-0333, 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998).

"[T]he decision to grant a motion to amend [a habeas petition] is committed to the sound discretion of the district court."  *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002).  "Additionally, the Second Circuit has emphasized that a *pro se* filing 'is to be read liberally' and that a court should not dismiss a petition or complaint without 'granting leave to amend at least once when a liberal reading of the [filing] gives any indication that a valid claim might be

6

stated.'"  *Pierre v. Ercole*, 607 F. Supp. 2d 605, 607 (S.D.N.Y. 2009) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, there is no evidence of dilatory conduct by Petitioner that is inconsistent with Rule 15(a). *See Littlejohn*, 271 F.3d at 363 (noting that courts retain the discretion "to deny" leave to amend "to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive"). Moreover, Respondent has not identified how he was prejudiced by Petitioner's filing error. Nor can he since, as noted, the grounds for the Petition were readily apparent from the attached pages. Accordingly, even if the Petition was technically insufficient, it would be well within this Court's discretion to grant Petitioner's request for leave to amend.

### III. Conclusion

For the reasons stated herein, Respondents' motion to dismiss is denied, and Magistrate Judge Davison's R&R is adopted in its entirety. The Clerk of the Court is respectfully directed to terminate the pending motion. (Dkt. 6.)

SO ORDERED.

Dated:      September 30, 2009
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

7

Service List (by Mail by Clerk's Office):

Amede Irizarry
05-A-0711
Green Haven Correctional Facility
594 Route 2116
Stormville, NY 12582
*Pro Se Petitioner*

John J. Sergi
Office of the District Attorney
Westchester County
111 Dr. Martin Luther King Jr. Blvd.
White Plains , NY 10601
(914) 995-4457
*Counsel for the Respondent*